Welch, J.
We see no error in the judgment of the District Court. The Common Pleas evidently proceeded upon a wrong construction of sections 537 and 538 of the code. S. & C. 1115. The object of those sections, in postponing the judgment to vacate until it shall be adjudged that there is a valid defense to the action, is merely to preserve the liens and priorities of the original judgment, in case a similar judgment should be rendered upon the trial of the cause. It was not the intention to deprive the parties of their right to a jury trial. The meaning of those sections is, that when the court has decided that there is good ground to vacate, the judgment to vacate shall be suspended until after the cause is tried — by a jury, if one is demandable, and not waived, or by the court, if a jury is not demandable, or is waived; and if, on such trial, the defense is established, then judgment of vacation is to be entered; or, if the defense fails, the petition to vacate is to be dismissed, or the judgment affirmed, or such other judgment is entered as the result of the trial indicates.
The overruling of the demurrer as to some of the defendants (petitioners to vacate) was equivalent, in effect, to overruling it as to all, and amounted to a decision by the court that there was good ground to vacate the judgment. The original action charged a joint wrongful possession of the land. The judgment was indivisible, and being erroneous as to part of the defendants, it was of necessity erroneous as to all, and entitled all to a trial on the merits of the common defense set up, and to a general judgment of vacation, in case the defense was established upon the trial

'Motion overruled.

Dat, C. J., McIlvaine, White, and Rex, JJ., concurring.